## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-

Cody  Schuck, on behalf of himself and all
other plaintiffs similarly situated, known and
unknown

      Plaintiff,

v.

Littleton Auto Repair, LLC d/b/a Littleton
Auto Repair, a Colorado limited liability
company, Ken Scholl, individually, Shannon
Scholl, individually, and David Garlick,
individually

      Defendants.

*JURY DEMAND*

---

## COMPLAINT

---

NOW COMES Plaintiff, **CODY SCHUCK,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **LITTLETON AUTO REPAIR, LLC D/B/A LITTLETON AUTO REPAIR, A COLORADO LIMITED LIABILITY COMPANY, KEN SCHOLL, INDIVIDUALLY, SHANNON SCHOLL, INDIVIDUALLY, AND DAVID GARLICK** (the "Defendants" or "Littleton Auto"), states as follows:

## I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq* ("COMPS") and the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.*

## II.    JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claims, pursuant to 28 U.S.C. §1367.

3.      Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants were or are engaged in business in this District.

## III.    THE PARTIES

4.      Defendant, **LITTLETON AUTO REPAIR, LLC D/B/A LITTLETON AUTO REPAIR** is a Colorado limited liability company that owns and operates an auto repair garage which performs a variety of vehicle repair and maintenance services for customers.[1]

5.      Littleton Auto's garage and primary business address is West Coal Mine Avenue, Unit P in Littleton, Colorado.

6.      Littleton Auto  is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

7.      Littleton Auto ordered, used and handled goods and materials and other products which moved in interstate commerce prior to being used or purchased in Colorado.

8.      During all relevant times, Littleton Auto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

---

[1] https://www.littletonautorepairs.com/services/auto-repair/; https://www.littletonautorepairs.com/services/auto-maintenance/

9.     Littleton Auto, through their Owners (Ken and Shannon Scholl) and General Manager (David Garlick)[2], oversaw all operations of Littleton Auto, including business strategy and daily operations, sales and customer acquisition, personnel decisions, regulatory compliance and were responsible for assigning tasks, creating and distributing schedules, staff supervision, wage policies and otherwise oversaw all aspects of Littleton Auto business operations.

10.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Littleton Auto. Littleton Auto in turn responded to those communications with the authority described herein.

11.     Defendant **KEN SCHOLL** is a founder and owner of Littleton Auto. Scholl resides and/or conducts business related to Littleton Auto within the state of Colorado.

12.     Scholl oversaw all operations of Littleton Auto, including business strategy and daily operations, sales/customer acquisition, marketing, staffing, compliance, budgeting, and was responsible for related executive functions.

13.     Scholl was also responsible for assigning tasks, setting strategies and benchmarks, revenue quotas and other minute details, business operations and customer and stakeholder relations of Littleton Auto.

14.     In his capacity as founder and owner of Littleton Auto, Scholl was vested with the authority to carry out the wage and hour policies of Littleton Auto.

15.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Scholl and Scholl in turn responded to those communications with the authority described herein.

---

[2] https://www.littletonautorepairs.com/about-us/meet-our-staff/

16.     Thus, at all times relevant hereto Scholl was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

17.     Defendant **SHANNON SCHOLL** is a founder and owner of Littleton Auto. Scholl resides and/or conducts business related to Littleton Auto within the state of Colorado.

18.     Scholl oversaw all operations of Littleton Auto, including business strategy and daily operations, sales/customer acquisition, marketing, staffing, compliance, budgeting, and was responsible for related executive functions.

19.     Scholl was also responsible for assigning tasks, setting strategies and benchmarks, revenue quotas and other minute details, business operations and customer and stakeholder relations of Littleton Auto.

20.     In her capacity as founder and owner of Littleton Auto, Scholl was vested with the authority to carry out the wage and hour policies of Littleton Auto.

21.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Scholl and Scholl in turn responded to those communications with the authority described herein.

22.     Thus, at all times relevant hereto Scholl was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

23.     Defendant **DAVID GARLICK** is the General Manager of Littleton Auto. Garlick resides and/or conducts business related to Littleton Auto within the state of Colorado.

24.     In his capacity as General Manager of Littleton Auto, Garlick was vested with the authority, alongside the Scholls, to implement and carry out the wage and hour practices of Littleton Auto.

25.     Garlick acted as the manager of Littleton Auto and, along with the Scholls, was responsible for assigning tasks, creating and distributing schedules, shop and staff supervision, and oversaw all aspects of Littleton Auto's daily service and repair operations as well as customer interactions.

26.     On a regular basis, including in the Scholls' absence, Garlick was Littleton Auto's primary decision maker as to business and employment matters.

27.     Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Garlick and Garlick in turn responded to those communications with the authority described herein.

28.     Thus, at all times relevant hereto Garlick was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

29.     Plaintiff, **CODY SCHUCK,** is a former employee of Littleton Auto. Plaintiff worked for Littleton Auto from approximately June 2022 to March 2023.

30.     Plaintiff worked for Littleton Auto as a Mechanic and was later promoted to Foreman.

31.     While employed by Littleton Auto, Plaintiff was classified as a non-exempt, hourly employee.

32.     Plaintiff was typically scheduled to work Monday through Friday from 7:30 a.m. to 5:30 p.m. Plaintiff was regularly scheduled to work fifty two (52) hours per week, but usually worked in excess of his 52-hour schedule.

33.     Typically, Plaintiff arrived at work at 7:00 a.m. and/or left work at 6:15 or 6:30 p.m. to complete required non-repair related work (i.e., opening the shop, paperwork, preparing supplies/inventory, etc.). Plaintiff was not paid for this time worked for the benefit of the employer that occurred pre- and post-shift, in part because this work was not billed or coded within Littleton Auto's computer systems.

34.     Plaintiff was only paid for hours spent conducting billable, or "catalogued", auto repairs and related services. Plaintiff was only paid for the amount of time Littleton Auto's coded billing system stated a particular job should take, rather than the amount of time Plaintiff actually worked on any particular job.[3]

35.     Plaintiff was not paid for any work that could not be coded and billed within Littleton Auto's billing system. Plaintiff was not paid at all for other shop work, such as repair quality checks, test driving, shop cleaning, opening/closing shop, paperwork, etc.

36.     Furthermore, Plaintiff was not compensated any overtime premiums of one and one-half his regular rate of pay for any hours worked over 40 hours in individual work weeks.

37.     Based on Plaintiff's knowledge of Littleton Auto's business and pay structures for all mechanics and foremen, Plaintiff has personal knowledge that all other mechanics and foremen

---

[3] For example, Littleton Auto's billing codes stated that replacing a wheel bearing and hub assembly on a front wheel of a 2016 Subaru Crosstrek requires 1.4 hours of mechanic labor. Plaintiff would only be paid for 1.4 hours of work, even if the repair took longer than 1.4 hours.

were paid in an identical manner in that they too were not paid all earned regular wages nor overtime premiums for any hours worked over 40 in individual work weeks.

38.    The claims of the Named Plaintiff, and the Plaintiff Class, are nearly identical in that all mechanics and foremen were:

a)    only paid their straight time regular rate of pay for work hours that were "billed" or "catalogued" within Littleton Auto's billing system;

b)    not paid for hours that were not billed and coded into Littleton Auto's billing system (i.e., post-repair work, paperwork, cleaning, etc.); and

c)    not paid overtime premiums of one and one-half their regular rates of pay for any hours worked over 40 hours in individual work weeks.

39.    The pay practices implemented by Littleton Auto were developed, drafted and approved by Littleton Auto and the Individual Defendants.

40.    As a result of the common policies described above, the Named Plaintiff and members of the Plaintiff Class were denied regular wages and overtime pay for work in excess of 40 hours in a work week.

41.    Throughout all times pertinent to Plaintiff's claims herein, Littleton Auto applied a common policy as to Plaintiff and other "mechanic" and "foreman" employees at their Colorado business, in that Littleton Auto failed to compensate employees all earned regular and overtime wages by implementing the pay practices described herein.

42.    Additionally, throughout all times pertinent to Plaintiff's claims herein, Littleton Auto applied common policies, developed by Littleton Auto's owners and general manager, that were embedded in its wage policies and procedures relative to Plaintiff and other employees.

43. As a result of the common policies described above, Plaintiff and members of the Plaintiff Class were improperly denied regular wages and overtime pay for work in excess of 40 hours in a work week.

44. Common questions of law exist among the claims of Plaintiff and members of the Plaintiff Class in that each claims rests upon a challenge of Littleton Auto claimed pay practices, exception(s) or exemption(s) to federal and state wage laws.

45. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly mechanics or foremen who were paid only for billed hours and denied overtime premiums for hours worked in excess of 40 in a workweek as described herein.

46. As an employee(s) performing duties for an enterprise engaged in commerce, the Named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

47. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Littleton Auto's failure to comply with 29 U.S.C. §201 *et seq*., to recover unpaid overtime wages and additional damages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Colorado Overtime and Minimum Pay Standards Order, #38**

48.     Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid straight time wages earned for time worked, but not paid, for the performance of labor and services for Littleton Auto's benefit on or before the date three (3) years prior to the filing of this action.[4] Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

49.     Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

**Colorado Wage Act**

50.     Pursuant to the Colorado Wage Act, §8-4-101, *et seq*., C.R.S., Count VI of this action is Plaintiff to recover earned, vested and determinable unpaid regular and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CWA are proper for certification under Federal Rule of Civil Procedure 23.

---

[4] See 7 CCR 1103-1.9, 1.9.1

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

51.    Plaintiff, at all times pertinent to the cause of action, was employed by Littleton Auto.

52.    Plaintiff's employment as a mechanic and foreman were integral and indispensable to Littleton Auto's business, as without the work performed by Plaintiff within each of those roles, Littleton Auto would be unable to run their auto repair business properly or competently or in a way that carried out the business objectives of Littleton Auto.

53.    Plaintiff was hired by Littleton Auto in approximately June 2022.

54.    Plaintiff was initially hired as a mechanic and was paid by the hour.

55.    As a mechanic and foreman, Plaintiff performed auto repair and maintenance services, including oil changes, tire rotations, filter changes, tire changes, brake maintenance, repairs to damaged vehicles and other related duties.

56.    As a mechanic and foreman, Plaintiff was classified as an hourly, non-exempt employee. Plaintiff was paid $40 per billed hour as a mechanic. Plaintiff later received a raise to $42 per billed hour as a foreman mechanic.

57.    As a mechanic and foreman, Plaintiff was scheduled 52 hours per week.

58.    Plaintiff would use a time clock punch to clock in and out when he arrived and left for his shifts. However, Littleton Auto did not pay Plaintiff based on his total hours worked on Littleton Auto's premises each week.

59.    Instead, Plaintiff was only paid for hours spent conducting billable, or "catalogued", auto repairs and related services. Plaintiff was only paid for the amount of time Littleton Auto's coded billing system stated a particular job should take, rather than the amount of

time Plaintiff actually worked on any particular job or performing other required work at the auto
shop.

60.    Plaintiff was not paid for any work that could not be coded and billed within
Littleton Auto's billing system. Plaintiff was not paid any other shop work, such as repair quality
checks, test driving, shop cleaning, opening/closing shop, paperwork, etc.

61.    Plaintiff was paid for billed/catalogued hours via handwritten company check.
Plaintiff received a payroll stub along with his check which detailed withheld taxes and other line
items.

62.    Additionally, Plaintiff was not paid for pre- and post-shift work performed at
Littleton Auto for opening and closing the shop before and after operating hours, even though
Plaintiff recorded early and late arrivals on the company's time clock.

63.    Plaintiff regularly worked in excess of 40 hours each week, as Littleton Auto
scheduled him for 52 hours per week, but Plaintiff never received overtime premiums at one and
one-half his regular rate of pay for hours worked in excess of 40 in individual work weeks.

64.    Plaintiff's DOC duties were primarily secretarial in nature, and included
completing paperwork, data entry, providing hourly security guards with general communications
and instructions from Littleton Auto and Scholl, tracking security guard attendance and reporting
no-shows or tardies to Scholl. At most, Plaintiff acted as a messenger between Littleton
Auto/Scholl and the rank-and-file hourly security guards.

65.    As foreman, Plaintiff was unable to, and did not, provide significant input on
personnel decisions, including hiring, firing, discipline and compensation related to hourly
employees, or any other employees based on performance. The Scholls and Garlick chose all

employee candidates, made the final hiring decisions of new employees, and handled all other management functions and responsibilities.

66.     As foreman, Plaintiff did not directly manage any other employees.

67.     In approximately March 2023, Plaintiff was terminated by Littleton Auto.

68.     While working for Littleton Auto as DOC, Plaintiff was denied overtime premiums.

69.     Plaintiff regularly worked in excess of 40 hours each week because Littleton Auto scheduled Plaintiff for 52 hours each week.

70.     Plaintiff and all other mechanics and foremen were employed under identical or substantially similar terms. All mechanics and foremen were provided identical or substantially similar copies of a position descriptions at the start of their employments.

71.     The common terms of employment for mechanics and foremen, including the pay practices identified herein, were intentionally and purposefully made identical by Littleton Auto.

72.     The uniform and common practices and policies implemented by Littleton Auto, including the job duties and compensation structure, applied to all mechanics and foremen, including Plaintiff.

73.     Due to the uniform and common policies and practices implemented by Littleton Auto most, if not all, of the mechanics and foremen job duties as described were pre-determined by Littleton Auto.

74.     At all times during Plaintiff's employment, he should have been classified as a non-exempt hourly employee and paid overtime premiums for all hours worked over 40 in individual work weeks.

75.     Plaintiff and members of the Plaintiff Class worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half

their regular hourly rate of pay and were subjected to improper practices pursuant to the requirements of the federal and state statutes herein relied upon.

76.     Littleton Auto has, both in the past and presently, willfully employed Plaintiff and members of the Plaintiff Class as without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

77.     The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Littleton Auto, in that Littleton Auto recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Littleton Auto lacks the records required by 29 CFR Part 516, Plaintiff and members of the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

78.     The non-compliant practices as alleged herein are common to Plaintiff and all other members of the Plaintiff Class.

79.     During their entire employment with Littleton Auto, Plaintiff, and members of the Plaintiff Class, were paid on a every other week. Plaintiffs, and members of the Plaintiff Class, were only paid their regular salary for all hours worked, including hours in excess of 40 hours in a single work week.

80.     Upon information and belief, Plaintiff understood that other mechanics and foremen employees at Littleton Auto were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

81.    Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

82.    Plaintiff and members of the Plaintiff Class were not exempt from the overtime provisions of the FLSA or COMPS. Likewise, Plaintiff and members of the Plaintiff Class were entitled to the wage protections afforded by the CWA, which applies to timely payment of earned overtime wages. As such, Plaintiffs and similarly situated employees were and are entitled to overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual work weeks.

83.    The claims brought herein by the Named Plaintiff are based on non-compliant practices and policies implemented by Littleton Auto and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-83.    Paragraphs 1 through 83 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 83 of this Count I.

84.    Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

85.    Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

86.     Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

87.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

88.     Defendants have at all times relevant hereto failed and refused to pay compensation to employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-88.    Paragraphs 1 through 88 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 88 of Count II.

89.    Littleton Auto's actions as complained above were done with Littleton Auto's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

90.    Through legal counsel as well as industry experience and custom, and the extraordinary resources available to Littleton Auto, Littleton Auto possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

91.    Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-91.   Paragraphs 1 through 91 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 91 of Count III.

92.     In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

93.     Through legal counsel as well as industry experience and custom, and the extraordinary resources available to Littleton Auto, Littleton Auto possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

94.     The Named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)    such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO OVERTIME
### AND MINIMUM PAY STANDARDS ORDER, #38

### OVERTIME WAGES

1-94.    Paragraphs 1 through 94 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 94 of this Count IV.

95.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*.

96.    Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the minimum or overtime wage provisions of COMPS 7 CCR 1103-3.1, 4.1.

97.    Defendants were each an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

98.    Under COMPS 7 CCR 1103-4.1, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

99.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of COMPS 7 CCR 1103-4.1.

100.    COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid

employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO WAGE ACT

1-100. Paragraphs 1 through 100 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 100 of this Count V.

101.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Wage Act, C.R.S. §8-4-101, *et seq.*

102.    The CWA defines wages as "[a]ll amounts for labor or service performed by employees", regardless of whether "the amount is fixed or ascertained by the standard of time". Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable". CWA, C.R.S. §8-4-101(14(a)(I)-(III).

103.    Plaintiff, and members of the Plaintiff Class, were each an "employee" under CWA, C.R.S. §8-104-101(5) and were not exempt from the CWA's protections.

104.    Defendants were each an "employer" as defined by CWA, C.R.S. §8-104-101(6) and was not exempt from compliance with the CWA.

105.    Pursuant to CWA, C.R.S. §8-4-101(14)(a)(II)-(III), Plaintiff and members of the Plaintiff Class worked hours in excess of 40 in individual work weeks which required pay at time and on-half their regular hourly rates of pay.

106.    Once Plaintiff and members of the Plaintiff Class worked hours over 40 in individual work weeks, they earned overtime compensation, although it was not paid. As such, the overtime premiums for which Plaintiff and members of the Plaintiff Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

107.    Plaintiff and members of the Plaintiff Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks.

108.    Pursuant to CWA, C.R.S. §8-4-109(3)(b), if an employer fails to pay an employee their earned, vested and determinable wages as set forth by the CWA within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of a) 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due.

109.    Plaintiff's Complaint herein serves as a valid written demand under the CWA, C.R.S. §8-4-101(15) and -109(3)(a) for unpaid overtime wages and other relief on behalf of himself and members of the Plaintiff Class .

110.    Since Littleton Auto failed to tender the demanded compensation in the amounts due to Plaintiff and members of the Plaintiff Class within the fourteen (14) day period allotted by the CWA, Plaintiff and members of the Plaintiff Class will be entitled to recover penalties described by to CWA, C.R.S. §8-4-109(3)(b) and (c).

111.    Pursuant to CWA, C.R.S. §8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act, each of the penalties set forth under CWA, C.R.S. §8-4-109(3)(b) shall increase by 50%.

112.    Littleton Auto failure and refusal to pay earned overtime wages, as demanded herein within the fourteen (14) day period described by the CWA, C.R.S. §8-4-109(3)(a.5), was willful and in bad faith.

113.    Plaintiff and members of the Plaintiff Class are owed all earned, unpaid overtime wages and statutory penalties, including increased penalties for willful violations of the CWA.

114.    Per CWA, C.R.S. §8-4-110, Plaintiff and members of the Plaintiff Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    unpaid, earned and vested overtime wages;

(b)    statutory penalties of 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due;

(c)    additional statutory penalties of 50% on top of the penalties prescribed by CWA, §8-4-109(3)(b) for Littleton Auto willful violation of the CWA;

(d)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of

Defendants' violations of the Colorado Wage Act; and

(f)    such additional relief the Court deems appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 12/15/2023***

/s/ Samuel D. Engelson
Samuel D. Engelson
Colorado Bar No: 57295

John William Billhorn
Attorneys for Plaintiff, and those similarly
situated, known and unknown

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604
(312)-853-1450

7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
(720)-386-9006