UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-03303-SKC-SBP

CODY SCHUCK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

LITTLETON AUTO REPAIR, LLC, a Colorado limited liability company,
KEN SCHOLL, individually, and
SHANNON SCHOLL, individually,

    Defendants.

## MINUTE ORDER

    This matter is before the Court on Plaintiff Cody Schuck's Motion to Strike Defendants' Answer Pursuant to Fed. R. Civ. P. 55(a) (Motion) (Dkt. 57). The Motion asks the Court to strike Defendants' combined Answer (Dkt. 33) because Defendant Littleton Auto and Defendant Scholls "a. violated this Court's orders through failing to appear through counsel or otherwise inform the Court of efforts to obtain counsel by August 5, 2024; b. failed to respond to Plaintiff's Renewed Motion for Extension of time to Move for Conditional Certification of a Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion to Toll Statute of Limitations for Absent Collective Members; c. failed to respond to communications sent by Plaintiff's counsel; or d. otherwise participate or defend in this action." Dkt. 57, ¶9. The Court rules on the Motion prior to any response being filed, and DENIES the Motion.

    The Court first notes the Motion fails to cite to any Federal Rule of Civil Procedure or other legal basis for which it seeks the Answer be stricken. And although it provides two case citations that Plaintiff states support the requested outcome, one of those cases actually comes to the contrary position regarding whether to strike an answer. *See Lopez v Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *4 (D. Colo. Mar. 29, 2018) ("the Motion is DENIED to the extent that it requests the Court to strike the Answer . . . ."). Because Fed. R. Civ. P. 55(a) makes

no mention of striking anything, the Court analyzes the Motion under Fed. R. Civ. P. 12(f), which provides for the striking of a pleading.

Rule 12(f) "provides that a court 'may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (quoting Fed. R. Civ. P. 12(f)). "Rule 12(f) motions, however, are a generally-disfavored, drastic remedy." *Id.* (citations omitted); *Parmar v. City of Aurora*, No. 20-cv-02801-NRN, 2020 WL 7260745, at *2 (D. Colo. Dec. 10, 2020) ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." (quoting citation omitted)). "Allegations will not be stricken as immaterial [insufficient, redundant, impertinent, or scandalous] under this rule unless they have no possible bearing on the controversy." *Sierra Club*, 173 F.R.D. at 285 (citations omitted). "[T]he moving party's 'burden is a heavy one.'" *Beltran v. Interexchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2017 WL 4418709, at *1 (D. Colo. June 9, 2017) (quoting *Holzberlien v. OM Fin. Life Ins. Co.*, No 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008)).

"Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285 (citations omitted). "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Quick v. Grand Junction Lodging LLC*, No. 13-CV-02917-RBJ, 2014 WL 7205417, at *5 (D. Colo. Dec. 18, 2014) (quoted citation omitted).

Plaintiff, however, argues nothing about how the Answer advances any allegedly "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Sierra Club*, 173 F.R.D. at 285. Nor has Defendant persuaded the Court (or even attempted to do so) that the Answer prejudices Defendant. Plaintiff therefore fails to meet its "heavy burden." *See Beltran*, 2017 WL 4418709, at *1.

The Motion is DENIED.

DATED: November 7, 2024