**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 23-cv-03303-SKC-SBP

CODY SCHUCK, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

LITTLETON AUTO REPAIR, LLC, a Colorado limited liability company,
KEN SCHOLL, individually, and
SHANNON SCHOLL, individually,

    Defendants.

---

**PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENTPURSUANT TO FED. R. CIV. P. 55(B)**

---

Plaintiff, by and through counsel, Leventhal Swan Taylor Temming PC and Billhorn Law Firm, respectfully files his Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned conferred with Defendants regarding the requested relief. Defendants did not respond.

    **I.    INTRODUCTION AND SUPPORTING FACTS**

Plaintiff Cody Schuck ("Plaintiff") filed his class and collective action Complaint against Littleton Auto Repair, LLC, Ken Scholl, and Shannon Scholl (collectively "Defendants") on December 15, 2023. Dkt. 1 ("Compl."). Defendants own and operate an auto repair garage located at 9719 West Coal Mine Avenue, Littleton, Colorado. Compl., ¶ 5. Defendants' garage performs a

variety of vehicle repair and maintenance services. *Id*. at ¶ 4. Plaintiff worked for Defendants as a mechanic and foreman from approximately June 2022 to March 2023. *Id*. at ¶¶ 29-30. Plaintiff performed auto repair and maintenance services. *See* Exhibit 1, Declaration of Cody Schuck ("Schuck Dec."), ¶ 4. Plaintiff alleges that Defendants denied him and other hourly workers regular and overtime wages. Compl. at ¶ 38. Plaintiff alleges Defendants' failure to pay regular and overtime wages violated the Fair Labor Standards Act ("FLSA"), the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), and the Colorado Wage Act ("CWA"). *Id*. at ¶¶ 47-50.

On February 16, 2024, Plaintiff returned an executed summons as to Defendant Littleton Auto Repair, LLC ("Littleton Auto") with an accompanying return of service. Dkt. 10. Littleton Auto's answer was due by March 7, 2024.[1] On April 4, 2024, Plaintiff returned executed summonses as to Defendants Ken Scholl and Shannon Scholl with accompanying returns of service. Dkt. 19, 20. The Scholls' answer was due by March 10, 2024. On May 9, 2024, Defendants appeared and requested additional time to answer the complaint. Dkt. 26-28. On May 16, 2024, Defendants answered the complaint. Dkt. 33. On July 12, 2024, Defendants' counsel moved to withdraw. Dkt. 41. On July 15, 2024, the Court granted counsel's request to withdraw. Dkt. 43. The Court ordered Littleton Auto to appear by counsel or for the Scholls to advise of efforts to obtain counsel by August 5, 2024. Dkt. 44. Defendant Littleton Auto did not appear through counsel nor did the Scholls file the ordered status report. Since that time, Defendants have not defended or otherwise participated in this case. Defendants remain unrepresented.

---

[1] Plaintiff also returned an executed summons concerning David Garlick. Mr. Garlick has since been dismissed as a Defendant without prejudice. Dkt. 38, 39.

On December 3, 2023, Plaintiff moved for entries of default against all Defendants. Dkt. 61. On December 6, 2023, the Clerk entered default against all Defendants. Dkt. 62. Given Defendants' continued non-responsiveness and lack of participation in this case, Plaintiff now seeks entry of default judgment against Defendants.

### II.     LEGAL STANDARD

When a party fails to plead or defend against a Complaint, the Court may enter a default judgment against the non-responding party. *See* Fed. R. Civ. P. 55. To obtain default judgment, the Court must first enter an order of default and note the non-responding party's default. Fed. R. Civ. P. 55(a); *see also Richfield Hospitality, Inc. v. Shubh Hotels Detroit, LLC*, 2011 WL 3799031, at *2 (D. Colo. Aug. 26, 2011); *Malluk v. Berkeley Highlands Prods.,* LLC, 2020 WL 1033339, at *1 (D. Colo. Mar. 3, 2020). Following entry of default, a party may seek default judgement against the non-responding party for all relief sought, including damages, attorneys' fees, and costs. On default judgment, the Court may conduct a hearing to "conduct an accounting, determine damages … or investigate any other matter." *See* Fed. R. Civ. P. 55(b)(2). The moving party may be required to present to the Court a "prove-up" of damages sought in a default judgment. *See Herzfeld v. Parker,* 100 F.R.D. 770, 773 (D. Colo. 1984). However, a damages hearing is not required where damages are a liquidated sum or are capable of mathematic calculation. *See Parra v. Accurate Precision,* LLC, 2022 WL 3280160, at *3 (D. Colo. 2022) (FLSA damages are ascertainable by mathematic calculation and do not require a damages hearing).

### III.    ARGUMENT

#### A.     Plaintiff Satisfied Fed. R. Civ. P. 55(a)

On December 6, 2024, the clerk entered default against all Defendants. Dkt. 62. Once the

3

clerk has entered orders of default against all non-responding Parties, Rule 55(a) is satisfied. *See Jackson v. AML Construction & Design Group*, 2017 WL 2812823, at *1 (D. Colo. 2017) ("after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).").

### B.     Plaintiff's Allegations as to Liability are Taken as True

Following entry of default against non-responding parties, the well-pleaded allegations of the Complaint as to liability are taken as true. Once a defendant is found to be in default, a court must "[take] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Garcia Gutierrez v. Puentes*, 437 F.Supp.3d 1035, 1038 (D.N.M. 2020). Here, Plaintiff has obtained default against all Defendants such that it is appropriate for the Court to deem the allegations contained in Plaintiff's original Complaint as true and admitted by Defendants.

Substantively, Plaintiff alleges that Defendants failed to pay overtime wages of one and one-half times the applicable regular rate of pay for hours worked over 40 in individual work weeks. *See* Compl., *passim*. Plaintiff alleges that he was a non-exempt employee. *Id*. ¶¶ 56, 74; *see also* Schuck Dec., ¶ 5. Plaintiff alleges that he was only paid for "flag hours," or hours spent working on specific "billable" or "catalogued" auto repairs and related services per manufacturer guidelines. *See* Schuck Dec., ¶¶ 6-8. Plaintiff alleges all Defendants were his employers and took part in the day-to-day management of Plaintiff and, as such, had authority over wage and hour policies. *See* Compl., ¶¶ 85, 97, 104. Plaintiff alleges that Defendants willfully and in bad faith violated the FLSA and either knew or should have known through reasonable inquiry that Defendants' compensation structure violated the FLSA, COMPS Order, and CWA. *Id*. at ¶¶ 76, 112; *see also* Schuck Dec., ¶¶ 17-19. The allegations as to Defendants' liability under the FLSA,

4

COMPS Order, and CWA are to be deemed true. *Garcia Gutierrez* at 1038.

      **C.**      **Defendants' Non-Responsiveness Warrants Default Judgment Under Fed. R. Civ. P. 55(b)**

Defendants have failed to appear to defend against Plaintiff's claims. The Court may enter default judgment where non-responsive parties refuse to participate in proceedings and litigate properly. Fed. R. Civ. P. 55(b). Courts within this District have granted default judgment against non-participating employers in FLSA and related wage matters. *See Parra*. Other federal district courts have awarded default judgment to plaintiff-employees under the FLSA and state wage laws under similar circumstances. *See Maldonado v. Roman Cobbles, Inc.*, 2012 WL 453127, at *2 (N.D. Ill. 2012).

Here, Defendants have failed to litigate this matter properly since August 2024, a period of more than seven months. Through missed appearances, failure to comply with court orders, and failure to respond to other communications, Defendants have not exercised any level of diligence and continue to disregard the Court. This Court should enter judgement in favor of Plaintiff for damages, attorneys' fees, and costs.

      **D.**      **Plaintiff is Entitled to Damages and Additional Statutory Penalties Under the FLSA, COMPS Order, and CWA**

When a court enters default judgment in accordance with Rule 55(b), the Court may require the movants to participate in a hearing to conduct relevant accountings or determine damages, often referred to as "prove-up" of damages except where damages can be calculated by mathematical process. *See* Fed. R. Civ. P. 55(b)(2)(a)-(b); *see also Parra*. Plaintiff is owed his half-rate for all hours worked over 40 in individual work weeks. Non-exempt employees are entitled to overtime compensation at one and one-half times their regular hourly pay for any hours

5

worked in excess of 40 per week as well as "an amount equal to the total unpaid wages." *See* 29 U.S.C. § 207.

The FLSA permits employees to recover liquidated damages in an amount equal to the unpaid wages, which are deemed compensatory damages. The FLSA authorizes the imposition of an equal amount as liquidated damages unless "the employer shows both that he acted in good faith and that he had reasonable grounds for believing that his actions did not violate the [FLSA]"). *Doty v. Elias*, 733 F.2d 720, 725–26 (10th Cir 1984); *see also* 29 U.S.C. §§ 216(b), 260. Liquidated damages awarded under FLSA are compensatory rather than punitive. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697 (1945). Defendants have not demonstrated that they acted in good faith or had reasonable grounds to believe they complied with the FLSA.

The CWA entitles employees to double or treble damages under different circumstances. *See* C.R.S. § 8-4-109(3)(b)(I), C.R.S. § 8-4-109(3)(b)(I). Employees are entitled to three times the amount of unpaid wages or compensation if the employee can prove that the employer's failure to pay wages due under the CWA was willful. *Id*. The CWA's penalties are punitive. *See Graham v. Zurich Am. Ins. Co.*, 296 P.3d 347, 349–50 (Colo. App. 2012) (the CWA "imposes a penalty on an employer who receives an employee's written demand for payment and fails to make payment within fourteen days, and it increases the penalty if the employer's failure to pay is willful."). The Tenth Circuit has held that employees can recover both FLSA liquidated damages *and* CWA treble damages. *Evans v. Loveland Automotive Investments, Inc.*, 632 Fed. Appx. 496, 498 (10th Cir. 2015) ("it is permissible for the court to award both FLSA liquidated damages and a [CWA] penalty.").

Here, it is indisputable that (a) Plaintiff has not received his unpaid wages within 14 days

6

of service of a civil suit, and (b) Defendants' failure to pay unpaid wages was willful or not in good faith under both the FLSA and CWA. The employer need not act with actual malice for a court to determine that an employer willfully violated the CWA. *See Hartman v. Community Responsibility Center, Inc.*, 87 P.3d 202, 208 (Colo. App. 2003) ("Willful withholding does not require a showing of malice or other motive, but merely requires a showing that the compensation was withheld without good cause.").

Plaintiff's damages in this case can be determined by mathematical process. The calculations, as attached and explained below, are based on the statutory frameworks laid out by each of the FLSA, COMPS Order, and CWA. *See* Schuck Dec., *passim*. Plaintiff's counsel has settled hundreds of wages matters in both this District and the Northern District of Illinois. Mr. Engelson has attached a declaration in support of default judgment. *See* Exhibit 2, Declaration of Attorney Engelson ("Engelson Dec.").

In sum, Plaintiff is owed the following:

a) Unpaid overtime wages in the amount of $7,643.16;

b) FLSA compensatory liquidated damages in the amount of $7,643.16; and

c) CWA punitive damages in the amount of $22,929.48.

Plaintiff's total damages are $38,215.80.

### E.   Plaintiff's Counsel are Entitled to Attorneys' Fees and Costs Through Fee- Shifting Provisions of the FLSA, COMPS Order, and CWA

Each pertinent statute includes a fee-shifting provision which permits Plaintiff to recover reasonable attorneys' fees and costs. Here, should this Court enter judgement in favor of Plaintiff, Plaintiff will be entitled to have his fees and costs incurred by Leventhal Swan Taylor Temming PC and Billhorn Law Firm on his behalf paid by Defendants. It is proper for the Court to award

judgment of plaintiff's counsel's attorneys' fees at the default judgment stage pursuant to the fee-shifting provisions of the FLSA and related state laws. *See Kimes v. Alshawy,* 2024 WL 2864147, at *8 (D. Colo. 2024); *see also* C.R.S. § 8-4-110(1); 29 U.S.C. § 216(b).

Plaintiff's counsel has performed substantial work in this matter in pursuit of Plaintiff's claims, including pleadings, appearances before the Court, conferences, discussions and limited discovery exchanges with Defendants' prior counsel, conferences with the Plaintiff, investigations of Defendants, briefing on default judgment, calculations of damages, and various other issues. Plaintiff's counsel has continued to diligently perform work on this matter including pursuit of default judgment herein. As of the filing of this Motion, Plaintiff's counsel's fees stand at $14,600. *See* Engelson Dec., ¶¶ 5-8. Plaintiff's counsel's costs are $659.10. *Id.*

Plaintiff's counsel requests that the Court permit them to petition the Court for additional fees and costs that may be incurred enforcing default judgment, such as issuing and enforcing citations to discover assets.

**IV.   CONCLUSION**

Plaintiff has satisfied all elements to obtain default judgment against all Defendants. For the reasons stated herein, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Default Judgment Pursuant to Fed. Civ. P. 55 and enter judgment for:

a) Plaintiff in the amount of $ as for unpaid wages and damages under the FLSA, COMPS Order, and CWA;

b) Plaintiff's counsel for fees and costs pursuant to the fee-shifting provisions of the FLSA, COMPS Order, and CWA totaling $.[2]

---

[2] *See* Proposed Order attached as Exhibit 3.

WHEREFORE, Plaintiff respectfully requests that this Court enter default judgment against Defendants Littleton Auto Repair, LLC, Ken Scholl, and Shannon Scholl.

Dated: March 10, 2025

*/s/ Samuel D. Engelson*
Andrew E. Swan
Samuel D. Engelson
LEVENTHAL SWAN TAYLOR TEMMING PC
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email:    aswan@ll.law
              sengelson@ll.law

John W. Billhorn
BILLHORN LAW FIRM
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (312) 853-1450
Email:    jbillhorn@billhornlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 10, 2025, a true and correct copy of the foregoing was served via electronic filing and U.S. Mail to:

TO:   Ken Scholl
      Shannon Scholl
      3192 Gold Yarrow Lane
      Evergreen, CO 80439

      Littleton Auto Repair, LLC
      9719 West Coal Mine Avenue
      Littleton, CO 80123

*/s/ Geordan Trujillo*
Geordan Trujillo
